[Cite as *Eisenbrei v. Akron*, 2011-Ohio-5777.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ALMA EISENBREI, et al.

    Appellant

    v.

CITY OF AKRON

    Appellee

C.A. No.     25788

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010-04-2433

DECISION AND JOURNAL ENTRY

Dated: November 9, 2011

BELFANCE, Presiding Judge.

{¶1}    Alma Eisenbrei appeals from the decision of the lower court affirming the hearing officer's decision. For the reasons set forth below, we affirm.

I.

{¶2}    On December 8, 2009, an automated traffic system recorded Ms. Eisenbrei's car traveling 29 miles per hour in a school zone. Ms. Eisenbrei was a passenger in the vehicle, which Dwain Massie was driving. Ms. Eisenbrei was cited for violating Akron Codified Ordinance 79.01. She requested an administrative hearing to challenge the citation.

{¶3}    An administrative hearing was held on March 11, 2010. Mr. Massie accompanied Ms. Eisenbrei to the hearing and argued that the ordinance prohibited speed in excess of twenty miles per hour in a school zone only when children are arriving at or leaving the school. Mr. Massie also stated that no children were leaving the school when the automated traffic system

caught him driving Ms. Eisenbrei's car above twenty miles per hour. Ms. Eisenbrei remained silent during the hearing except to admit that she owned the vehicle in question.

{¶4} The hearing officer upheld the citation, and Ms. Eisenbrei and Mr. Massie appealed the decision to the Summit County Court of Common Pleas. However, the lower court dismissed Mr. Massie's appeal for lack of standing. It also denied Ms. Eisenbrei's appeal, concluding that she did not preserve any legal arguments for appeal and that, even if she had, the legal arguments were without merit.

{¶5} Ms. Eisenbrei has appealed, raising four assignments of error for review.

II.

ASSIGNMENT OF ERROR I

"THE FINDING BY THE HEARING OFFICER AND THE COMMON PLEAS COURT THAT I WAS LIABLE FOR A VIOLATION OF SECTION 73.20 OF THE AKRON ORDINANCES WHILE SCHOOL WAS IN SESSION AND THERE WERE NO CHILDREN LEAVING THE SCHOOL DURING CLOSING HOURS IS CONTRARY TO LAW. THE STANDARD OF REVIEW FOR THIS ASSIGNMENT OF ERROR IS FOUND IN R.C. 2506.04 AND IS THAT THIS ORDER IS ILLEGAL."

ASSIGNMENT OF ERROR II

"THE FINDING BY THE HEARING OFFICER AND THE COMMON PLEAS COURT THAT I WAS LIABLE FOR A VIOLATION OF SECTION 73.20 BECAUSE THE AKRON TRAFFIC ENGINEER HAD ESTABLISHED SCHOOL ZONE HOURS AND FLASHING LIGHTS WITHOUT REGARD TO THE STATEWIDE TRAFFIC REGULATIONS WHICH ARE CORRECTLY STATED IN SECTION 73.20 OF THE AKRON ORDINANCES IS CONTRARY TO LAW. THE STANDARD OF REVIEW FOR THIS ASSIGNMENT OF ERROR IS FOUND IN R.C. 2506.04 AND IS THAT THIS ORDER IS ILLEGAL."

{¶6} In Ms. Eisenbrei's first and second assignments of error, she essentially argues that the Common Pleas Court incorrectly interpreted the ordinance and failed to recognize that

the ordinance was superseded by state law. However, Ms. Eisenbrei has not preserved these arguments for appeal.

{¶7} As a general rule, a nonattorney cannot engage in the practice of law. *Dayton Supply & Tool Co., Inc. v. Montgomery Cty. Bd. of Revision*, 111 Ohio St.3d 367, 2006-Ohio-5852, at ¶2.

> "The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and * * * in general all advice to clients and all action taken for them in matters connected with the law." (Internal quotations and citations omitted.) Id. at ¶7.

"The premise behind the rule prohibiting the unauthorized practice of law is that limiting the practice of law to licensed attorneys is generally necessary to protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation." (Internal quotations and citations omitted.) Id.

{¶8} As a nonattorney, Mr. Massie could not represent Ms. Eisenbrei nor make legal arguments on her behalf. Although the hearing officer allowed Mr. Massie to argue on behalf of Ms. Eisenbrei, because Mr. Massie could not represent Ms. Eisenbrei, only those arguments she made personally were preserved for appeal. Other than admitting that she owned the vehicle in question, Ms. Eisenbrei remained silent at her hearing, and, thus, she forfeited the arguments she now makes on appeal. See, e.g., *Thrower v. Akron Dept. of Public Hous. Appeals Bd.*, 9th Dist. No. 20778, 2002-Ohio-3409, at ¶20 (holding that an issue is not preserved for appeal if not raised at an earlier proceeding). Accordingly, as the arguments in Ms. Eisenbrei's first two assignments of error were not preserved, we decline to address them.

{¶9} Ms. Eisenbrei's first and second assignments of error are overruled.

ASSIGNMENT OF ERROR III

"THE FINDING BY THE HEARING OFFICER AND THE COMMON PLEAS COURT THAT I WAS LIABLE FOR A VIOLATION OF SECTION 73.20 OF THE AKRON ORDINANCES EVEN THOUGH NONE OF THE EVIDENCE RELIED ON FOR THAT FINDING WAS ADMITTED IN EVIDENCE OR MADE PART OF THE TRANSCRIPT WHICH THE HEARING OFFICER CERTIFIED AS COMPLETE IS CONTRARY TO LAW. THE STANDARD OF REVIEW FOR THIS ASSIGNMENT OF ERROR IS FOUND IN R.C. 2506.04 AND IS THAT THIS ORDER IS ILLEGAL."

ASSIGNMENT OF ERROR IV

"THE FINDING BY THE HEARING OFFICER AND THE COMMON PLEAS COURT THAT I WAS LIABLE FOR A VIOLATION OF SECTION 73.20 OF THE AKRON ORDINANCES EVEN THOUGH THE CITY OF AKRON DID NOT APPEAR AT THE HEARING AND DID NOT PUT ON ANY EVIDENCE TO MEET ITS BURDEN OF PROOF IS CONTRARY TO LAW. THE STANDARD OF REVIEW FOR THIS ASSIGNMENT OF ERROR IS FOUND IN R.C. 2506.04 AND IS EITHER THAT THIS ORDER IS ILLEGAL OR THAT IT IS UNSUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE, AND PROBATIVE EVIDENCE ON THE WHOLE RECORD."

{¶10} In Ms. Eisenbrei's third and fourth assignments of error, she argues that the Common Pleas Court should have reversed the hearing officer's decision to uphold Ms. Eisenbrei's citation because the evidence the officer relied upon was not presented during the administrative hearing.

{¶11} As discussed above, the transcript reveals the administrative hearing to have been quite informal. Ms. Eisenbrei correctly points out that, besides the hearing officer's comment at the beginning of the proceedings that Ms. Eisenbrei's vehicle was clocked going 29 miles per hour, her speed is not mentioned in the transcript; nor does the record before us contain evidence regarding her vehicle's speed. We note that the City, during oral argument, claimed that the hearing officer had access to a computer program that contained the information from the automated traffic system, including the speed of Ms. Eisenbrei's vehicle. The City's explanation

is supported by the transcript, and we have no doubt that this is the case. Regardless, this evidence is not before this Court, and it appears that it was not before the Common Pleas Court either.

{¶12} However, Ms. Eisenbrei did not raise this issue with the Common Pleas Court, and, therefore, she has forfeited her right to raise this issue for the first time on appeal. *Thrower* at ¶20. Nonetheless, Ms. Eisenbrei asks that we construe the third-to-last sentence in her brief to the lower court as bringing the issue of her vehicle's speed to the court's attention. The sentence in question merely states that "[the hearing officer] could not make such a finding [that Ms. Eisenbrei had violated the city ordinance] because there was no evidence to support it." While "pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, * * * [they] [are] not given greater rights than represented parties, and must bear the consequences of [their] mistakes." (Internal quotations and citations omitted.) *Heller v. U.S. Bank*, 9th Dist. No. 25493, 2011-Ohio-1514, at ¶10. Given that her entire brief to the lower court focused on the issue of whether children were outside the school when the violation occurred, we cannot say that the sentence in question, even liberally construed, brings the evidentiary issue regarding her speed to the attention of the Common Pleas Court. Accordingly, Ms. Eisenbrei has forfeited this issue on appeal. *Thrower* at ¶20.

{¶13} Ms. Eisenbrei's third and fourth assignments of error are overruled.

III.

{¶14} Ms. Eisenbrei's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


EVE V. BELFANCE
FOR THE COURT



MOORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

ALMA C. EISENBREI, pro se, Appellant.

CHERI B. CUNNINGHAM, Director of Law, and STEPHEN A. FALLIS, Assistant Director of Law, for Appellee.